PER CURIAM:
On July 11, 1973, after an examination of the record, this Court, ex proprio motu, issued a show cause order as to why this appeal should not be dismissed because of an apparent defect in the record which would.affect the jurisdiction of this Court to consider the appeal.
The record reflects that the judgment appealed from was signed on April 26, 1972, and that a motion for new trial was filed on behalf of the defendant and ordered and signed on April 27, 1972. The record shows further that the motion for new trial was heard on May 10, 1972, and overruled. On July 14, 1972, a petition for devolutive appeal was filed by the defendant.
We questioned our jurisdiction and issued the show cause order because the record as originally filed on July 2, 1973, also includes a certificate from the trial court clerk that the appellant furnished the required cash bond on August 14, 1972. Since the motion for new trial was overruled on May 10, 1972, the cash bond would have had to have been filed ninety days after this date, or by August 8, 1972, in order that our jurisdiction attach.
In response to the show cause order the defendant presented a letter from the clerk of the trial court to the clerk of this court indicating that he was in error in stating in his original cash bond certificate that he had received the cash bond check on August 14, 1972. He further stated that he had to be in error because his bank deposit slip of August 11, 1972, shows that he deposited the check that day, three days prior to the 14th. The check itself is dated August 4, 1972, but the deposit slip for the 4th shows no such deposit. The clerk later filed an affidavit stating that he had no records which could be used to determine when the check was received.
LSA-C.C.P. Art. 2087 requires that an appeal which does not suspend the effect or the execution of an appealable judgment *272 may be taken and the security therefor furnished only within ninety days of the court’s refusal to grant a timely application for a new trial. (Emphasis added) The facts indicated herein leave a substantial question as to whether or not this Court can consider this appeal.
To resolve this issue we conclude that this matter should be remanded to afford appellant and appellee an opportunity to offer evidence in support of their respective positions, which evidence shall then be forwarded to this Court for us to determine whether or not the bond was filed according to law thereby vesting jurisdiction in this Court to consider the appeal.
Remanded.